Filed 9/26/23  P. v. Harper CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>DERRICK DAMON HARPER<br><br>　　　Defendant and Appellant. | A167371<br><br>(Contra Costa County<br>　Super. Ct. No. 5-161769-5) |

Defendant Derrick Harper's court-appointed counsel has filed a brief asking this court for an independent review of the record under P*eople v. Wende* (1979) 25 Cal.3d 436.  Defendant was informed of his right to file supplemental briefing and has not filed such a brief.  We have reviewed counsel's brief and independently reviewed the record, and we find no errors or other issues requiring further briefing.  Accordingly, we affirm.

## BACKGROUND

*Prior Proceedings – Underlying Convictions, Appeal, and Remand*

Following a jury trial, defendant was convicted of first degree felony murder (Pen. Code,[1] §§ 187, subd. (a), 190.2, subd. (a)(17)) with gang (§ 186.22, subd. (b)(1)(C)) and firearm (§ 12022.53, subd. (d)) enhancements. Defendant was also found to have suffered two prior felony convictions for

---

[1] Undesignated statutory references are to the Penal Code.

1

kidnapping (§ 207, subd. (a)), which qualified as strikes (§§ 667, subds. (d)-(e), 1170.12, subds. (b)-(c)) and serious felonies (§ 667, subd. (a)(1)) and for which he served two prior prison terms (§ 667.5, subd. (a)).

The trial court imposed "a life sentence without parole for the murder with special circumstances (§§ 187; 190.2); a consecutive term of 75 years to life (25 years tripled under § 667, subd. (e)(2)(A)(i)); a consecutive firearm enhancement of 25 years (§ 12022.53, subd. (d)); two five-year consecutive prior serious felony enhancements based on defendant's two prior kidnapping convictions (§ 667, subd. (a) [10 years]); and two three-year consecutive prior prison term enhancements (§ 667.5 [6 years]).  [¶] In addition, the court imposed a 45-year minimum parole eligibility (15 years tripled under § 667, subd. (e)(2)(A)(i) on the street gang enhancement." (*People v. Harper* (May 4, 2022, A153332) 2022 WL 1401292, at *27 (*Harper*).)

In a prior appeal, we reversed the true finding on the gang enhancement allegation (§ 186.22, subd. (b)) and remanded for retrial if the People so elected.

We also found sentencing error and remanded for resentencing.  We directed the trial court to strike "1) the 75-year-to-life term (25-year base tripled) imposed under section 667, subdivision (e)(2)(A)(i); 2) one five-year prior serious felony enhancement imposed under section 667, subdivision (a); 3) both of the three-year prior prison term enhancements imposed under section 667.5, subdivision (a); and 4) the 45-year minimum parole eligibility term imposed under section 186.22, subdivision (b)(5)" and further directed the court "to determine whether to exercise its discretion under section 12022.53, subdivision (h) to strike the firearm enhancement." (*Harper*, *supra*, 2022 WL 1401292, at *31.)

*Current Proceedings – Resentencing Following Remand*

On remand, the People elected not to retry the gang enhancement.

A resentencing hearing was held on February 24, 2023. Defense counsel was present, and defendant appeared via Zoom. Defense counsel was given an opportunity to argue, and defendant was given an opportunity to speak.

The trial court recognized it had discretion to dismiss the firearm enhancement and found it was not in the interest of justice to do so. The court cited the facts that defendant was the sole shooter who killed the victim in what appeared to be a planned murder and robbery and that defendant had an extensive and violent criminal history.

The trial court sentenced defendant to life without the possibility of parole for first degree murder, plus enhancements of 25 years to life for the firearm enhancement under section 12022.53, subdivision (d), and five years for the prior serious felony conviction under section 667, subdivision (a).

In compliance with this court's disposition in defendant's prior appeal, the court struck the remaining enhancements, the 75-year-to-life term, and the 45-year minimum parole eligibility term.

On February 27, 2023, defendant filed a notice of appeal from the order of February 24, 2023.

## DISCUSSION

The sentence imposed appears to be authorized by law and conforms to our directives in *Harper*, *supra*, 2022 WL 1401292, at *31. Based on our review of the record before us, defendant was represented by competent counsel who acted to protect his rights and interests. We find no arguable issues within the meaning of *People v. Wende, supra,* 25 Cal.3d 436.

## DISPOSITION

The judgment is affirmed.

_____
Miller, J.

WE CONCUR:


_____
Stewart, P.J.


_____
Richman, J.


A167371, *People v. Harper*